IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL E. ROBERTS, #1887766, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:19-CV-101-JDK-JDL |
| LORIE DAVIS, *et al.*, | § § | |
| Defendants. | § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michael Roberts, an inmate currently confined at the Powledge Unit within the Texas Department of Criminal Justice (TDCJ), filed this civil rights lawsuit pro se, alleging that he was unconstitutionally deprived of his liberty interest in a "good-time earning status" when he was accused of failing to provide a urine sample. Docket No. 9. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and a recommendation for the disposition of the case.

On July 26, 2019, Judge Love issued a Report and Recommendation (Docket No. 21), recommending that Defendants' motion to dismiss (Docket No. 16) under Federal Rule of Civil Procedure 12(b)(6) be granted and that Plaintiff's motion for a preliminary injunction (Docket No. 3) be denied. A copy of this Report and Recommendation was sent to both parties, and Plaintiff timely filed objections. Docket No. 22.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a careful de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." As explained below, the Court has determined that the Report and Recommendation of the United States Magistrate Judge is correct and that Plaintiff's objections are without merit.

1

Plaintiff makes two primary objections to the Report. *First*, Plaintiff argues that the Constitution prevents the deprivation of his good-time credits under *Teague v. Quarterman*, 482 F.3d 769, 781 (5th Cir. 2007), and *Wolff v. McDonnell*, 418 U.S. 539, 580 (1974). Docket No. 22 at 1–9. But Plaintiff's complaint does not allege that anyone deprived him of good-time credits. Docket No. 9. Rather, the complaint seeks reinstatement of Plaintiff's "good-time earning status." *Id.* at 4. As the Report correctly stated, however, the Constitution does not protect an inmate's good-time-earning status. Docket No. 21 at 7 (citing *Hester v. Mamukuyomi*, 750 F. App'x 275, 277 (5th Cir. 2018) (holding a prisoner's good-time-earning status is not a constitutionally protected interest)).

*Second*, Plaintiff objects that he was improperly denied a request to amend his complaint a second time. Docket No. 22 at 2–3, 9; Docket No. 18. Plaintiff, however, failed to attach his amended complaint to the motion as required by Local Rule CV-7(k). The Fifth Circuit has held that such a failure is a reasonable ground to deny a motion for leave to amend. *See Young v. U.S. Postal Serv. ex rel. Donahoe*, 620 F. App'x 241, 245 (5th Cir. 2015) (citing a plaintiff's failure to attach an amended complaint to a motion for leave to amend as required by local rules as a sufficient basis for denying the motion).

Accordingly, it is **ORDERED** that Plaintiff's objections (Docket No. 22) are **OVERRULED** and the Report and Recommendation of the United States Magistrate Judge (Docket No. 21) is **ADOPTED** as the opinion of the Court. Further, it is **ORDERED** that Defendants' motion to dismiss (Docket No. 16) is **GRANTED**. It is also **ORDERED** that Plaintiff's motion for a preliminary injunction (Docket No. 3) is **DENIED**. Plaintiff's civil rights lawsuit is **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief can be granted. Finally, it is **ORDERED** that any and all motions which may be pending in this civil

action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **23rd** day of **August, 2019.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE